IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S.H., a minor child by and
through TINENE BEAVER,

        Plaintiff,

vs.                                                  Case No. 15-4963-SAC

KANSAS DEPARTMENT FOR
CHILDREN AND FAMILIES, et al.,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court to enforce its prior orders (Dks. 37 and 39). In its memorandum and order filed on February 4, 2016, the court denied the plaintiff's motions seeking entry of default and for default judgment, denied the defendants' motion to dismiss on the issue of statute of limitations, but granted the defendants' motion on the claim preclusion defense in favor of the defendant DCF and all individual defendants in their official capacity. (Dk. 37). In that order, the court also found that the plaintiff's service of process on the defendants was insufficient and quashed the service of process on all individual defendants sued in their individual capacity. Instead of entering an order of dismissal without prejudice for insufficient service, the court "grant[ed] the plaintiff an extension of time to re-serve the individual defendants in their individual capacity." (Dk. 37, p. 17). The court instructed the plaintiff that she had 30 days from the order's

filing date of February 4, 2016, to file proof of sufficient service of process. *Id.*

Twelve days later, the plaintiff filed a response that lacked any proof of additional efforts to secure sufficient proof of service. Instead, the plaintiff merely restated her prior attempts in late November and early December of 2015 to serve the individual defendants by certified mail addressed to their respective places of work, either the "Docketing State Building" or the DCF offices located at the Van Buren address in Topeka. The court therefore entered its second order on February 18, 2016, which held that if the plaintiff had intended her "response to be her attempt at complying with the court's February 4th order, [then] the court summarily rejects the response as insufficient proof of service of process." (Dk. 39, p. 2).

The 30-day period provided in the court's February 4th order has expired, and the record contains no evidence that the plaintiff has served with sufficient process the individual defendants in their individual capacity. The plaintiff's only filing during this period sought to have the court change its ruling on the sufficiency of the process, and the court rejected the motion to reconsider. The plaintiff's prior service has been quashed as insufficient, and the plaintiff has not accomplished service within the 120-day period of

Fed. R. Civ. P. 4(m).[1] The court, therefore, dismisses without prejudice the remaining individual defendants sued in their individual capacity.

IT IS THEREFORE ORDERED that all of the individual defendants sued in their individual capacities are dismissed without prejudice;

IT IS FURTHER ORDERED that the clerk shall enter judgment dismissing with prejudice the claims against the defendant DCF and all individual defendants sued in their official capacity based on the defense of claim preclusion and dismissing without prejudice the claims against the individual defendants in their individual capacity for insufficient service of process.

Dated this 25th day of March, 2016, Topeka, Kansas.

\_\_\_s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge

---

[1] Because the plaintiff filed her complaint on November 19, 2015, prior to the effective date of the 90-day amendment to Fed. R. Civ. P. 4(m), the court uses the longer 120-day period.